IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,             No. CR S-03-0445 FCD KJM P

  vs.

AARON DEVON COUNCE,

      Movant.             FINDINGS AND RECOMMENDATIONS

_____/

      Movant is a federal prisoner proceeding pro se with a motion under 28 U.S.C. § 2255.  He is currently serving a term of 30 months imprisonment in the Federal Bureau of Prisons for possession of stolen mail in violation of 18 U.S.C. §§ 1708 and 2.  Movant pled guilty.

      In his plea agreement, movant agreed that he would not file a § 2255 motion as long as he was sentenced consistently with the stipulations made in the agreement.  Docket Entry No. 34 at 6:14-28.  Based on a review of the record, all indications are that petitioner was in fact sentenced as contemplated by the parties' stipulations.  See id. at 5:5-6:2; cf. Presentence Investigation Report (PSR) at 7-8; Transcript of May 17, 2004 Hearing at 2-3.[1]

_____

[1]  The court has reviewed relevant portions of the hearing transcript, provided by the court reporter for the sentencing judge.

1    The Ninth Circuit Court of Appeals has found that a waiver of the right to file a

2    § 2255 motion made pursuant to plea negotiations is enforceable except with respect to a claim

3    that the waiver or plea was involuntary.  See Washington v. Lambert, 422 F.3d 864, 870-71 (9th

4    Cir. 2005), cert. denied, 547 U.S. 1074 (2006) (plea agreement waiving the right to file a federal

5    habeas petition is unenforceable with respect to an ineffective assistance of counsel claim

6    challenging voluntariness of the waiver).

7    Movant fails to raise any claims that are not waived.  Movant does claim he

8    received ineffective assistance of counsel at some point during the trial phase of this action, and

9    that his plea agreement "was and is illegal."  Mot. at 2.  His claim of illegal sentence is

10    essentially a Blakely claim.  Mot. at 3-4; Blakely v. Washington, 542 U.S. 296 (2004).  As

11    respondent correctly points out, however, Blakely is not retroactive to the date of petitioner's

12    sentencing, which occurred more than a month before the Blakely decision issued.  Schardt v.

13    Payne, 414 F.3d 1025, 1036 (9th Cir. 2005).

14    Petitioner also asserts his defense counsel did not adequately represent him in that

15    she failed to object to the government's "unlawful" behavior during prosecution and sentencing,

16    that she did not appropriately "fight" the 21 U.S.C. § 841(a)(1) charge against him, and that she

17    erred in telling him his sentence complied with the guidelines.  Mot. at 5-6.  While petitioner's

18    argument is unclear, particularly with regard to § 841(a)(1) given he was not charged under that

19    statute, it is clear that petitioner fails to articulate any facts suggesting any of counsel's actions

20    rendered his plea involuntary.  To the extent petitioner claims his sentence failed to comply with

21    the Federal Sentencing Guidelines, petitioner fails to show how.

22    In sum, movant fails to articulate how or present any facts suggesting his plea of

23    guilty or the waiver of his right to file a § 2255 motion was involuntary.  For these reasons, the

24    court will recommend that movant's § 2255 motion be denied.

25    /////

26    /////

1    Accordingly, IT IS HEREBY RECOMMENDED that:

2    1.  Movant's September 24, 2004 motion to vacate, set aside, or correct his

3  sentence pursuant to 28 U.S.C. § 2255 be denied; and

4    2.  The Clerk of the Court be directed to close the companion civil case No. 04-

5  2022 FCD KJM P.

6    These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

8  days after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11  shall be served and filed within ten days after service of the objections.  The parties are advised

12  that failure to file objections within the specified time waives the right to appeal the District

13  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14  DATED: August 31, 2007.

15

16

17                                          U.S. MAGISTRATE JUDGE

18

19  1
    coun0445.257

20

21

22

23

24

25

26